THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Primerica Life Insurance Company a foreign corporation,<br><br>Plaintiff,<br>v.<br><br>Manui Palei, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR INTERPLEADER DEPOSIT<br><br>Case No.  2:24-cv-00272-HCN-DBP<br><br>District Judge Howard C. Nielson, Jr<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff Primerica Life Insurance Company's Motion for Interpleader.[1] Primerica seeks to deposit funds with the court based on its admitted liability under a Term Life Insurance Policy (Policy). Defendants have not filed any response to Plaintiff's Motion and the time to do so has passed. After considering Plaintiff's Motion and relevant case law, the court grants in part Primerica's Motion.

BACKGROUND

In April 2024, Primerica filed this suit naming Manui Palei and Tangikina Ahomana as Defendants. Primerica issued the Policy on May 2, 2026, to Sione O Ahomnana as owner and Insured. The Policies face value is $200,000. On June 15, 2023, the insured passed away, and at that time, the Policy's total benefit was $390,000. Primerica admits liability under the Policy for $390,000 plus applicable interest.

The beneficiaries of the Policy changed over the years. Akanesi F. Ahomana, the Insured's spouse at the time, was initially listed as the primary beneficiary. The Insured's father,

---

[1] Motion for Leave to Deposit Interpleader Funds and to Dismiss Primerica Life Insurance Company, ECF No. 26. This matter is referred to the undersigned under 28 U.S.C. § 636(b)(1)(A).

Sione Ahomana, and several of the Insured's children were listed as contingent beneficiaries. Then in May 2019, the Insured submitted a Multipurpose Change Form naming his mother, Tangikina, and his sister, Lupe Ahomana-Fifta, as equal primary beneficiaries. On approximately October 15, 2019, the Insured submitted a letter to Primerica naming his mother, Tangikina, as the sole primary beneficiary, and his sister Lupe Ahomana-Fifta as the sole contingent beneficiary. On May 15, 2023, a beneficiary change was processed by Primerica naming the Insured's spouse, Manui Palei, as the sole primary beneficiary.

On June 15, 2023, the Insured passed away and the total benefit in the Policy was $390,000. Five days later, on June 20, 2023, Tangikina submitted a handwritten letter to Primerica claiming to be the Policy's rightful primary beneficiary. Two days later, on June 22, 2023, Manui sent a letter claiming she was the primary beneficiary of the Policy contesting Tangikina's claim. On July 13, 2023, Tangikina submitted a completed Claim Form Statement to Primerica reaffirming her claim to the Policy. Defendants have been unable to reach an agreement regarding who is the rightful beneficiary.

Primerica then filed the instant Complaint in Interpleader under Rule 22 of the Federal Rules of Civil Procedure and the current motion for interpleader relief. Primerica requests that the court (1) allow Primerica to deposit its admitted liability under the Term Life Insurance Policy No. 0490315429 of $390,000 along with any accrued interest, into an interest-bearing account with the court, (2) be dismissed from this lawsuit and discharged of any liability once the funds are deposited, and (3) recover its costs and attorney fees in connection with this action.

DISCUSSION

Under Rule 22 of the Federal Rules of Civil Procedure "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to

interplead."[2] An interpleader action is designed to protect a stakeholder from the possibility of multiple claims made against a single fund.[3] Interpleader is "liberally construed to protect the stakeholder from the expense of defending twice, as well as to protect him from double liability."[4]

"'The primary test for determining the propriety of interpleading the adverse claimants and discharging the stakeholder ... is whether the stakeholder legitimately fears multiple vexation directed against a single fund.'"[5] This test is satisfied here. Both Manui and Tangikina make claims to the benefits of the Policy. Moreover, there were many changes in beneficiaries over the course of the Policy making the question of who is entitled to the money more complicated. Thus, Primerica has a legitimate fear that it may be exposed to double liability if it chooses the wrong party to pay. Primerica has met the standard for interpleader under Rule 22.

Primerica further seeks an order from this court dismissing it from this suit once the deposit of the funds have been made. If the interpleader requirements are met, the Tenth Circuit has provided that a "court may then discharge the interpleader plaintiff of any further liability …, thereby allowing the interpleader plaintiff to withdraw and leaving the interpleader defendants to prosecute their competing claims to the disputed property among themselves."[6] The undersigned

---

[2] Fed. R. Civ. P. 22.

[3] *See generally*, 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1704 (3d ed. 2001).

[4] *Mut. Life Ins. Co. of N.Y. v. Bohart*, 743 F.2d 313, 325 (5th Cir. 1984) (citation omitted); *see also* 7 WRIGHT, MILLER & KANE § 1704.

[5] *Guardian Life Ins. Co. of Am. v. Church of Jesus Christ of Latter-Day Saints*, No. 216CV00064JNPEJF, 2016 WL 4734591, at *2 (D. Utah Sept. 9, 2016) (quoting 7 WRIGHT, MILLER & KANE § 1704.).

[6] *In re Millennium Multiple Emp. Welfare Ben. Plan*, 772 F.3d 634, 639, 2014 WL 6056941 (10th Cir. 2014); *see also State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 534 (1967) (In an interpleader action "the fund itself is the target of the claimants. It marks the outer limits of the controversy.").

finds Primerica's request to be dismissed should be granted. However, under the current (b)(1)(A) referral, Primerica must seek dismissal from the district judge in a separate request.

Finally, Primerica requests an award of attorney fees and costs to be paid out of the funds deposited with the court. The Tenth Circuit has acknowledged "the common practice" of awarding attorney fees incurred by a stakeholder.[7] But, whether to permit costs and fees is left to the discretion of this court.[8] And insurers may not "as a matter of course, transfer a part of their ordinary cost of doing business ... by bringing an action for interpleader" and receive a fee award.[9]

Primerica is a financial services company that is in the business of administering claims for life insurance. The court exercises its discretion to not award fees and costs, declining to shift these fees and costs to the rightful beneficiary of the Policy. Primerica's request for fees and costs is therefore denied.[10]

---

[7] *U. S. Fid. & Guar. Co. v. Sidwell*, 525 F.2d 472, 475 (10th Cir. 1975); *see also United States v. Chapman*, 281 F.2d 862, 870 (10th Cir. 1960).

[8] *See United Bank of Denver v. Oxford Properties, Inc.*, 683 F.Supp. 755, 756 (D.Colo.1988) (citing 3A Moore's Federal Practice para. 22.16(2), at 22-169) ("The prevailing principle in interpleader actions brought in federal courts, whether under the interpleader statute or under Rule 22, 'is that it is within the discretion of the court to award the stakeholder costs, including reasonable attorney's fees, out of the deposited fund.'"); *see also United States Fidelity & Guaranty Co. v. Sidwell*, 525 F.2d 472, 475 (10th Cir.1975).

[9] *Travelers Indem. Co. v. Israel*, 354 F.2d 488, 490 (2d Cir. 1965) ("We are not impressed with the notion that whenever a minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business of their insureds by bringing an action for interpleader.").

[10] *See Chase Manhattan Bank v. Mandalay Shores Co-op. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994) (holding that fee awards are unwarranted "when a stakeholder's interpleader claim arises out of the normal course of business"); *Banner Life Ins. Co. v. U.S. Bank, NA*, 931 F. Supp. 2d 629, 632 (D. Del. 2013) ("Making a determination as to which claim prevails is the ordinary business of insurance companies. Awarding attorney fees to insurance companies would shift their ordinary business expenses to the claimants, which is not generally appropriate." (citation omitted)); *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 320 (S.D.N.Y. 2014) (denying a fee request because "minor problems that arise in the payment of insurance policies must be expected and the expenses incurred are part of the ordinary course of business" (citation omitted)).

## CONCLUSION AND ORDER

Primerica's Motion for interpleader relief is GRANTED IN PART. Primerica's request to deposit the full amount of the life insurance benefit plus interest into the registry of the court is GRANTED.

Primerica's request for fees and costs is DENIED.

Primerica's request to be dismissed may be brought before the District Judge once the funds have been deposited with the court.

IT IS SO ORDERED.

DATED this 5 August 2025.

_____
Dustin B. Pead
United States Magistrate Judge